**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:25-CV-53 |
| | § | |
| BRAXTON TILLIS, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT**

For its Complaint against defendant Braxton Tillis (Tillis), plaintiff United States of America (United States), by and through the United States Department of Justice, alleges as follows:

**INTRODUCTION**

1. The United States, acting on behalf of the Small Business Administration (SBA), brings this action under the False Claims Act, 31 U.S.C. §§ 3729-3733.

2. Tillis, an active-duty service member and employee of the United States Army, submitted or caused to be submitted a fraudulent loan application under the Paycheck Protection Program (PPP).

**JURISDICTION AND VENUE**

3. This action arises under the False Claims Act, 31 U.S.C. §§ 3729-3733. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345.

4. This Court has personal jurisdiction over Tillis pursuant to 31 U.S.C. § 3732(a), because Tillis committed acts proscribed by the False Claims Act within the Western District of Texas.

5. Venue is appropriate in this district under 28 U.S.C. § 1391(b) because Tillis committed the acts at issue within the Western District of Texas.

## PARTIES

6. Plaintiff is the United States, acting on behalf of the SBA, an agency of the United States Government that, among other things, administers the PPP.

7. Defendant is Braxton Tillis, a natural person who resides in Clarksville, Tennessee. During the time relevant to this Complaint, Tillis was stationed with the U.S. Army at Fort Cavazos, Texas, located in the Western District of Texas.

## THE FALSE CLAIMS ACT

8. The False Claims Act permits the United States to recover treble damages and civil penalties from any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment of approval," or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (B).

9. Under the False Claims Act, a person acts "knowingly" when he or she "has actual knowledge," "acts in deliberate ignorance of the truth or falsity of the information," or "acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). Liability does not require "proof of specific intent to defraud." *Id.* § 3729(b)(1)(B).

10. A "claim" under the False Claims Act includes "any request or demand, whether under a contract or otherwise, for money or property … that is presented to an officer, employee, or agent of the United States." 31 U.S.C. § 3729(b)(A)(i).

## PAYCHECK PROTECTION PROGRAM

11. Congress enacted the Coronavirus Aid, Relief, and Economic Security ("CARES") Act in or around March 2020, to provide emergency financial assistance to the millions of

Americans suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the PPP. The PPP was modified and extended thereafter.

12. To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

13. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan and subsequent forgiveness process.

14. PPP loan proceeds were required to be used by the business on certain permissible expenses such as payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds

on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

15. The application process to obtain a PPP loan required the eligible recipient to make the several good faith certifications and acknowledgments, including the following:

a. That the applicant was eligible to receive a PPP loan under the rules in effect at the time the application was submitted (the "PPP Rules");

b. That the uncertainty of current economic conditions made the loan request necessary to support the ongoing operations of the eligible recipient;

c. That the applicant was in operation on February 15, 2020, had not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC;

d. That the funds would be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, or other covered costs under the PPP Rules;

e. That if the funds were knowingly used for unauthorized purposes, the individual may be legally liable for such charges as fraud;

f. That not more than 40 percent of the loan proceeds may be used for non-payroll costs;

g. That documentation verifying the number of full-time equivalent employees on payroll as well as the dollar amounts of payroll costs, covered mortgage

interest payments, covered rent payments, and covered utilities would be provided to the lender if required;

h. That the eligible recipient had not already received a PPP loan and would not receive a duplicative PPP loan;

i. That the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects;

j. That the applicant understood that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.00; under 15 U.S.C. § 645 by imprisonment of not more than two years and/or a fine of not more than $5,000.00; and, if submitted to a federally insured institution, under 18 U.S.C. § 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.00; and

k. That the lender would confirm the eligible loan amount using the documents submitted by the applicant.

**FACTUAL ALLEGATIONS**

16. On or about April 8, 2021, Tillis received a PPP loan in the amount of $19,062 based upon misrepresentations in a loan application he caused to be submitted to an unnamed financial institution (Lender 1).

17. In the PPP loan application, Tillis falsely claimed he owned and operated an oilseed farming business established in 2018. In addition, Tillis misrepresented his gross income for the tax year that he selected for purposes of calculating his PPP loan amount.

18. The gross income was used in calculating the maximum loan amount for which Tillis was eligible. This misrepresentation caused Tillis to receive loan proceeds in excess of what he would be entitled, if any at all.

19. Tillis knowingly used the PPP loan funds for unauthorized purposes.

20. On or about September 20, 2021, Tillis submitted an application to Lender 1 for forgiveness of the PPP loan.

21. Tillis knowingly misrepresented his use of the funds on the forgiveness application submitted for the PPP loan.

22. Based upon the false representation in the forgiveness application, the SBA forgave the subject loan, including $69.36 in interest that had accrued by September 21, 2021.

23. The SBA paid $2,500 in processing fees to Lender 1 in connection with the PPP loan disbursed to Tillis.

24. On February 29, 2024, Tillis admitted to agents with the United States Army Criminal Investigative Division that he did not own or operate an oilseed business or any other farming business, and that he did not have gross income from the business as stated in his PPP application.

25. Tillis submitted to Lender 1 documents containing false statements which misrepresented the amount of his gross income and the amount of the loan proceeds used for eligible payroll expenses.

26. These false statements in the loan application and forgiveness application were material to the payment of money by Lender 1 that was then reimbursed by the SBA, causing damages to the United States.

**COUNT I**
**Presenting or Causing to be Presented**
**False Claims in Violation of the False Claims Act**
**31 U.S.C. § 3729(a)(1)(A)**

27. The United States realleges and incorporates Paragraphs 1 through 26 of this Complaint as fully set forth herein.

28. Tillis knowingly applied for and obtained a PPP loan which he was not eligible to receive under the PPP Rules.

29. In seeking forgiveness of the PPP loans, Tillis knowingly caused Lender 1 to present to the SBA a forgiveness application which represented that Tillis spent the PPP loan proceeds on eligible payroll costs when he did not.

30. By virtue of the false claim, the United States incurred damages.

31. Under the False Claims Act, the United States is entitled to recover three times the damages it suffered plus a civil penalty for each violation.

**COUNT II**
**Making or Using False Statements**
**Violation of the False Claims Act**
**31 U.S.C. § 3729(a)(1)(B)**

32. The United States realleges and incorporates Paragraphs 1 through 26 of this Complaint as fully set forth herein.

33. Tillis knowingly made, used, or caused to be made or used, one or more false records or statements material to a false of fraudulent claim.

34. By virtue of these false records or statements, the United States incurred damages.

35. Under the False Claims Act, the United States is entitled to recover three times the damages it suffered plus a civil penalty for each violation.

**COUNT III**
**Unjust Enrichment**

36. This is a claim to recover monies by which Tillis has been unjustly enriched.

37. The United States realleges and incorporates Paragraphs 1 through 26 of this Complaint as fully set forth herein.

38. Tillis knew or should have known that he was not entitled to receive forgiveness of his PPP loan because he knowingly obtained the loan in violation of PPP Rules.

39. By obtaining forgiveness of his PPP loan from the SBA, Tillis was relieved of his obligation to repay the loan to Lender 1 under the terms of the loan.

40. Accordingly, Tillis has been unjustly enriched at the expense of the United States, and Tillis is liable to account and pay to the United States the amount of loan forgiveness paid on his behalf.

**COUNT IV**
**Payment by Mistake**

41. This is a claim for recovery of monies the United States paid directly or indirectly to Tillis under mistake of fact.

42. The United States realleges and incorporates Paragraphs 1 through 26 of this Complaint as fully set forth herein.

43. The United States, acting in reasonable reliance on the truthfulness of the certifications and statements made by Tillis in his forgiveness application forgave the PPP loan even though the loan was not eligible for forgiveness.

44. Thus, the United States is entitled to recoup all amounts it paid in connection with the forgiveness of the PPP loans.

**PRAYER FOR RELIEF**

WHEREFORE the United States requests that the Court enter judgment in its favor and against defendant Tillis as follows:

(a) On Counts I and II (False Claims Act), awarding the United States treble the damages it sustained for forgiving Tillis' PPP loan, including the loan amount, interest, and the processing fees paid by the United States to Lender 1, together with the maximum civil penalties allowed by law;

(b) On Count III (Unjust Enrichment), awarding the United States the amount by which defendant Tillis was unjustly enriched, plus interest, costs and expenses;

(c) On Count IV (Payment by Mistake), awarding the United States the amount mistakenly paid in connection with the forgiveness of defendant Tillis' PPP loan, plus interest costs and expenses; and

(d) Granting such other relief as the Court deems just and proper.

Respectfully submitted,

MARGARET F. LEACHMAN
Acting United States Attorney

*/s/ Thomas A. Parnham Jr.*
THOMAS A. PARNHAM JR.
Assistant United States Attorney
New York Bar No. 4775706
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
(512) 916-5858 (tel)
(512) 916-5854 (fax)
thomas.parnham@usdoj.gov

JAMIE YAVELBERG
ALLISON CENDALI
ROBBIN O. LEE
Civil Division
United States Department of Justice
175 N Street NE, Room 9.212
Washington, DC 20002
(202) 305-4123 (tel)
robbin.o.lee@usdoj.gov

*Counsel for the United States*